124 F.3d 212
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Buford SAUNDERS, Petitioner-Appellee,
v.
Theo WHITE; Attorney General of The STATE of California,
Respondents-Appellants.
 No. 96-55939.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 12, 1997.**
Filed September 19, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, D.C. No. CV-94-08473-RMT; Robert M. Takasugi, District Judge, Presiding.
 
 
 2
 Before PREGERSON and HAWKINS, Circuit Judges and WEINER,*** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Theo White, Warden of the California State Prison at Sacramento, and Daniel Lungren, the California Attorney General, appeal the district court's grant of California state prisoner Buford Saunders' habeas petition. We affirm.
 
 
 5
 Saunders challenges his jury conviction for first degree residential burglary on the ground that the state trial court should have held an evidentiary hearing to determine whether Saunders was competent to stand trial.
 
 
 6
 Saunders filed his habeas petition in district court on December 19, 1994, prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") on April 24, 1996. Thus, AEDPA does not apply to this appeal. See Lindh v. Murphy, 117 S.Ct. 2059 (1997).
 
 
 7
 The district court found that substantial evidence before the trial court suggested that Saunders was not competent at the time of his trial. Saunders had a history of mental illness, which Saunders' attorney brought to the attention of the trial court. The circumstances surrounding Saunders' offense were, in the opinion of the trial court, "abnormal." In court, Saunders behaved inappropriately, interrupting his attorney and others to the point where the trial court had him removed from the courtroom and muzzled. When he testified, his testimony was replete with incomprehensible and nonresponsive statements. And Saunders' trial attorney, who before trial questioned Saunders' competence to stand trial, made three motions for a mistrial based on Saunders' irrational behavior in front of the jury.
 
 
 8
 These events constitute substantial evidence of incompetence to stand trial, and they should have caused the trial judge to have a bona fide doubt as to Saunders' competence. See, e.g., Moran v. Godinez, 40 F.3d 1567, 1571 (9th Cir.1994). A defendant's demeanor before the trial court and previous irrational behavior (e.g., the circumstances of Saunders' crime) both provide evidence suggestive of incompetence. Id. at 1571-72. Faced with this evidence, the trial court should have held a competency hearing; its failure to do so violated Saunders' right to due process. Pate v. Robinson, 383 U.S. 375, 385 (1966); Moran, 40 F.3d at 1572. The district court properly granted Saunders' habeas petition.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3